■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORI ELMENDORF, Appellant. [845 NYS2d 743]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered July 25, 2003, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision whether to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (see CPL

220.60 [3]). A plea of guilty will be upheld as valid if it was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). Where a plea is knowing, voluntary, and intelligent and a defendant's allegations of coercion are contradicted by the record, a court may properly deny a motion to vacate a plea of guilty, even without a hearing (*see People v Abney*, 10 AD3d 617 [2004]).

Here, the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently. Contrary to her contention, the defendant properly allocuted to all elements of assault in the second degree (*see* Penal Law § 120.05 [3]).

Contrary to the defendant's contention, she was not denied the effective assistance of counsel. Viewing the record as a whole, we conclude that the defendant received meaningful representation (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Baldi*, 54 NY2d 137 [1981]).

Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Santucci, J.P., Krausman, Florio and Lifson, JJ., concur.