■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY SHORTER, Appellant. [966 NYS2d 184]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered January 11, 2012, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the Supreme Court improperly denied his motion to vacate his plea of guilty, which was based on his contention that his counsel rendered ineffective assistance. The defendant's claim of ineffectiveness survives his valid waiver of his right to appeal since it affects the voluntariness of the plea (see People v Perazzo, 65 AD3d 1058 [2009]). Nevertheless, the Supreme Court properly denied the defendant's motion to vacate his plea on that basis without a hearing since the motion was supported by only conclusory and unsubstantiated allegations (see People v Johnson, 97 AD3d 695 [2012]; People v Douglas, 83 AD3d 1092 [2011]).

The defendant failed to preserve for appellate review his contention that his plea was involuntarily obtained because he was not advised before pleading guilty that he would be required to pay a mandatory surcharge, DNA fee, and crime victims' assistance fee (see People v Decker, 77 AD3d 675 [2010]; People v Brady, 59 AD3d 748 [2009]), and that contention is, in any event, without merit (see People v Guerrero, 12 NY3d 45, 47 [2009]).

The defendant's remaining contention is without merit.

To the extent the defendant challenges an order of the Supreme Court dated April 10, 2012, denying his pro se motion to vacate the judgment pursuant to CPL 440.10, his failure to obtain leave to appeal from that order forecloses review of it (see CPL 450.15; 460.15; People v Alexis, 295 AD2d 529 [2002]). Angiolillo, J.P., Chambers, Hall and Roman, JJ., concur.