Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered February 10, 2011, convicting him of reckless endangerment in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60 [3]; People v Seeber, 4 NY3d 780 [2005]; People v Caruso, 88 AD3d 809 [2011]; People v Duncan, 78 AD3d 1193 [2010]). “When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry £rest[s] largely in the discretion of the Judge to whom the motion is made’ and a hearing will be granted only in rare instances” (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Dazzo, 92 AD3d 796 [2012]; People v Caruso, 88 AD3d at 809).
Here, the record supports the County Court’s determination that the defendant’s plea was entered knowingly, voluntarily, and intelligently (see People v Harris, 61 NY2d 9, 16 [1983]; *488 People v Nixon, 21 NY2d 338, 353 [1967], cert denied sub nom. Robinson v New York 393 US 1067 [1969]). The defendant’s claim that his plea of guilty was coerced as a result of the alleged ineffectiveness of his trial counsel is belied by the defendant’s statements during the plea proceedings, in which he acknowledged under oath that he was satisfied with his counsel’s representation, that he had not been coerced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Perez, 51 AD3d 1043 [2008]; People v Gedin, 46 AD3d 701 [2007]).
The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a GPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s contentions that he pleaded guilty under duress resulting from his desire to remain at liberty on bail so he could be with a sick family member, and that the County Court erred in denying his request for substitution of counsel without first holding a hearing, are raised for the first time in his reply brief and, thus, are not properly before this Court (see People v Marino, 13 AD3d 556, 556-557 [2004]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.