The verdict was not against the weight of the evidence. Defendant’s accomplice liability could reasonably be inferred from the chain of events (see People v Cabey, 85 NY2d 417 [1995]), which supports the inference that defendant intentionally took part in the robbery by leading the victim, a pizza deliveryman, into a trap. Defendant’s conduct and that of the other participant in the crime “made little sense unless defendant was a participant and not a spectator” (People v Marte, 7 AD3d 405, 406 [1st Dept 2004], lv denied 3 NY3d 677 [2004]).
The court’s response to the deliberating jury’s deadlock note was “simply encouraging rather than coercive” (People v Ford, 78 NY2d 878, 880 [1991]). Rather than giving a full Allen charge (see Allen v United States, 164 US 492 [1896]), the court merely asked the jury, which had been deliberating for only three hours, to keep trying to reach a verdict if possible. There was no language that can be viewed as coercive, or disparaging of the jury’s failure to reach a verdict. Accordingly, the absence of language instructing the jurors to maintain their conscientiously held beliefs does not require reversal.
Defendant’s argument that the prosecutor “impeached” her own witness during summation is without merit. The prosecutor was entitled to make record-based arguments to explain a discrepancy between the respective recollections of the victim and a detective. Defendant’s remaining challenges to the prosecutor’s summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Concur — Sweeny, J.P., Renwick, Andrias, Freedman and Feinman, JJ.