Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 13, 2010, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal sale of marijuana in the fifth degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s purported waiver of his right to appeal was invalid because the record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Moyett, 7 NY3d 892, 893 [2006]; People v Lopez, 6 NY3d 248, 257 [2006]; People v Jacob, 94 AD3d 1142, 1143-1144 [2012]). Nevertheless, by pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea and sentence negotiation (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]; People v Dunne, 106 AD3d 928 [2013]; People v Fakhoury, 103 AD3d 664 [2013]; People v Soria, 99 AD3d 1027 [2012]).
“The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident *974 exercise of discretion” (People v Howard, 109 AD3d 487, 487 [2013]; see People v Crawford, 106 AD3d 832, 833 [2013]; People v Jacob, 94 AD3d at 1143; CPL 220.60 [3]). “When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances” (People v Howard, 109 AD3d at 487 [internal quotation marks omitted]; see People v Brown, 14 NY3d 113, 116 [2010]; People v Anderson, 98 AD3d 524 [2012]).
Here, the defendant’s contention that he was coerced into pleading guilty by his attorney’s ineffectiveness is belied by his statements during the plea proceeding, in which he acknowledged under oath that he was satisfied with his counsel’s representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Howard, 109 AD3d 487 [2013]; People v Perez, 51 AD3d 1043 [2008]). The defendant’s postplea assertion of innocence is unsupported by the record and did not afford a basis for withdrawal of the plea of guilty (see People v Douglas, 83 AD3d 1092, 1093 [2011]). Since the defendant’s motion to withdraw his plea of guilty was premised on unsubstantiated and conclusory allegations belied by the record, the County Court properly denied the motion without conducting a hearing (see People v Shorter, 106 AD3d 1115 [2013]; People v Douglas, 83 AD3d at 1093).
The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim! ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v McBride, 103 AD3d 920, 921 [2013]; People v Ropiza, 100 AD3d 935, 936 [2012]; cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
Eng, EJ., Dillon, Maltese and Duffy, JJ., concur.