■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD E. MCGUIRE, JR., Appellant. [997 NYS2d 468]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered February 10, 2012, convicting him of rape in the first degree (three counts) and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the propriety of the amending of two counts in the indictment by changing the dates on which the subject crimes were alleged to have been committed was forfeited by the defendant's plea of guilty (*see People v Hansen*, 95 NY2d 227 [2000]; *People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Stokely*, 49 AD3d 966, 968 [2008]; *People v Dudley*, 28 AD3d 1182 [2006]; *People v Lynch*, 267 AD2d 405 [1999]).

The defendant's pro se written motion for leave to withdraw his plea was properly denied without a hearing. The motion was based upon unsupported claims of innocence (*see People v Haffiz*, 19 NY3d 883, 884 [2012]; *People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Bennett*, 115 AD3d 973 [2014]), and claims of ineffective assistance of counsel which were refuted by the defendant's admissions in his motion papers and other documents in the record (*see People v Bennett*, 115 AD3d 973 [2014]; *People*

*v Howard*, 109 AD3d 487, 488 [2013]; *People v Gully*, 17 AD3d 382 [2005]). By pleading guilty, "a defendant forfeits appellate review of any claim of ineffective assistance of counsel which does not directly involve the plea bargaining process" (*People v Collier*, 71 AD3d 909, 910 [2010]; *see People v Turner*, 40 AD3d 1018 [2007]). Under the circumstances, the County Court properly exercised its discretion when it denied the defendant's motion to withdraw his guilty plea upon its consideration of the plea minutes and the parties' written submissions, without further inquiry (*see People v Mitchell*, 21 NY3d 964, 965 [2013]; *People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Mudd*, 41 AD3d 281 [2007]; *People v Carbone*, 40 AD3d 347 [2007]). As noted by the County Court, the record indicates that the defense counsel afforded the defendant effective representation in negotiating a very favorable plea bargain (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.