■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS K. WEST III, Appellant. [996 NYS2d 534]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered December 11, 2013, convicting him of attempted criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered as a result of the alleged ineffectiveness of his trial counsel is belied by the transcript of the plea proceeding, and the papers submitted in support of, and in opposition to, the defendant's motion to withdraw his plea of guilty (see People v Shorter, 106 AD3d 1115 [2013]; People v Perazzo, 65 AD3d 1058 [2009]; People v Gedin, 46 AD3d 701 [2007]; People v Gutierrez, 35 AD3d 883 [2006]). During the plea proceeding, the defendant acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Bennett, 115 AD3d 973, 974 [2014]; People v Howard, 109 AD3d 487, 488 [2013]; People v Perez, 51 AD3d 1043 [2008]). Accordingly, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (see People v Elmendorf, 45 AD3d 858 [2007]; People v Abney, 10 AD3d 617 [2004]).

Contrary to the defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Muniz, 91 NY2d 570, 575 [1998]; People v Seaberg, 74 NY2d 1, 11 [1989]). Since the defendant voluntarily waived his right to appeal, his claim that he was deprived of his right to effective assistance of counsel is precluded, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (see People v Gomez, 114 AD3d 701, 702 [2014]; People v Montalvo, 105 AD3d 774, 775 [2013]; People v Ramos, 77 AD3d 773, 774 [2010]). Insofar as the defendant contends that his trial counsel's conduct affected the voluntariness of his plea, his attorney provided him with meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Henry, 95 NY2d 563, 566 [2000]; People v Baldi, 54 NY2d 137, 147 [1981]).

The defendant's valid waiver of his right to appeal precludes review of his claim that the sentence imposed was excessive (see

*People v Lopez*, 6 NY3d at 255). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.