■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER INNOCENT, Appellant. [17 NYS3d 505]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 3, 2011, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal was invalid (*see People v Jackson*, 114 AD3d 807, 808 [2014]; *People v Salgado*, 111 AD3d 859 [2013]; *People v Nugent*, 109 AD3d 625, 625-626 [2013]; *People v Boustani*, 300 AD2d 313, 314 [2002]). In any event, the defendant's challenge to the voluntariness of his plea of guilty survives a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Fontanet*, 126 AD3d 723 [2015]; *People v Griffin*, 119 AD3d 605, 606 [2014]).

The Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 483-484 [2002]). Contrary to the defendant's contention, the court's failure to advise the defendant of his right to have counsel assigned by the court if he was financially unable to retain counsel did not render his guilty plea unknowing or involun-

tary. A plea of guilty "will not be invalidated 'solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea' " (*People v Tyrell*, 22 NY2d 359, 365 [2013], quoting *People v Harris*, 61 NY2d 9, 16 [1983]). Here, the defendant acknowledged that he understood that by pleading guilty he was waiving certain federal constitutional rights (*see Boykin v Alabama*, 395 US 238, 243 [1969]). Furthermore, the defendant's contention that he was coerced into pleading guilty by his former attorney is belied by his statements during the plea proceeding, in which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the plea of his own free will (*see People v Bennett*, 115 AD3d 973, 974 [2014]). The defendant's postplea assertion of innocence based upon the affirmative defense of renunciation (*see* Penal Law § 40.10 [1]) is unsupported by the record (*see People v Ozarowski*, 38 NY2d 481, 492 [1976]) and did not afford a basis for withdrawal of the guilty plea. Since the defendant's motion to withdraw his plea of guilty was premised on unsubstantiated and conclusory allegations belied by the record, the Supreme Court properly denied the motion without conducting a hearing (*see People v Shorter*, 106 AD3d 1115 [2013]; *People v Haywood*, 97 AD2d 446 [1983]; *People v Douglas*, 83 AD3d 1092, 1093 [2011]). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.