■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. BUSH, Appellant. [17 NYS3d 497]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered August 14, 2012, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the County Court, and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 483-484 [2002]; *People v Bennett*, 115 AD3d 973, 973-974 [2014]; *People v Howard*, 109 AD3d 487 [2013]).

The defendant's contentions that he did not understand that he had the right not to plead guilty and that he was coerced into pleading guilty by his attorney are belied by his statements during the plea proceeding, in which he acknowledged under oath that he understood that he had the right to remain silent and not incriminate himself, that he was satisfied with his counsel's representation, that no one had threatened, coerced, or forced him in any way to plead guilty, and that he was entering the plea freely and voluntarily (*see People v Bennett*, 115 AD3d at 974; *People v Howard*, 109 AD3d at 488; *People v Perez*, 51 AD3d 1043 [2008]). The mere fact that

defense counsel may have advised the defendant as to the risks of trial, including the possible maximum sentence if he were to be convicted, is insufficient to establish coercion (*see People v Solis*, 111 AD3d 654, 655 [2013]; *People v Mann*, 32 AD3d 865, 866 [2006]; *People v Elting*, 18 AD3d 770, 771 [2005]). The defendant's postplea assertion of innocence is unsupported by the record, and did not afford a basis for withdrawal of the plea of guilty (*see People v Bennett*, 115 AD3d at 974; *People v Douglas*, 83 AD3d 1092, 1093 [2011]; *People v Mann*, 32 AD3d at 866). As the defendant's plea of guilty was knowing, voluntary, and intelligent, and his allegations were unsubstantiated and conclusory, the County Court properly denied the motion without conducting a hearing (*see People v Bennett*, 115 AD3d at 974; *People v Elmendorf*, 45 AD3d 858, 859 [2007]).

The defendant's contention that he was deprived of the effective assistance of counsel at sentencing is without merit. Specifically, we reject the defendant's contention that he was deprived of the effective assistance of counsel by his attorney's failure to fully articulate the basis for his pro se motion to withdraw his plea of guilty. The defendant's assigned counsel had no duty to participate in the defendant's pro se motion, since it had little or no chance of success (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Bruno*, 73 AD3d 941, 942 [2010]; *People v Taylor*, 60 AD3d 708, 709 [2009]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.