■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIAD A. DIB, Appellant. [19 NYS3d 774]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 29, 2014, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the County Court, and generally will not be disturbed absent an improvident exercise of discretion" (*People v Bush*, 132 AD3d 691, 691 [2015]; *see People v Alexander*, 97 NY2d 482, 483-484

[2002]). Here, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. During the plea proceeding, the defendant was advised, through an interpreter, of the constitutional rights he would forfeit by pleading guilty and the direct consequences of his plea (*see People v Solis*, 111 AD3d 654 [2013]; *People v Khan*, 201 AD2d 586 [1994]; *People v Santana*, 151 AD2d 518 [1989]), and the defendant acknowledged under oath that he understood that by pleading guilty, he was waiving certain constitutional rights, that he was satisfied with his counsel's representation, that he had not been pressured into pleading guilty, and that he was entering the plea of his own free will (*see People v Innocent*, 132 AD3d 696 [2015]; *People v West*, 123 AD3d 850 [2014]; *People v Howard*, 109 AD3d 487, 488 [2013]; *People v Perez*, 51 AD3d 1043 [2008]). Since the defendant's plea of guilty was knowing, voluntary, and intelligent, and his allegations of coercion were unsubstantiated and conclusory, the County Court properly denied the defendant's motion to withdraw his plea of guilty (*see People v Bush*, 132 AD3d 691 [2015]; *People v Douglas*, 83 AD3d 1092, 1093 [2011]).

Furthermore, contrary to the defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Deprosperis*, 132 AD3d 692 [2015]; *People v Vasquez*, 131 AD3d 1076 [2015]; *People v Dupree*, 130 AD3d 752 [2015]).

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Vasquez*, 131 AD3d 1076 [2015]; *People v Ball*, 129 AD3d 739, 740 [2015]).

The defendant's claim that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.