■ RONALD HERNANDEZ, Respondent, v RAINBOW TRANSIT INC. et al., Appellants. [20 NYS3d 885]—An appeal having been taken to this Court by the above-named appellants from an order of the Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 18, 2014, and said appeal having been withdrawn before argument by counsel for the respective parties; and upon the stipulation of the parties hereto dated November 16, 2015, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.

■ In the Matter of TAVON W., a Person Alleged to be a Juvenile Delinquent, Appellant. [20 NYS3d 527]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about August 18, 2015, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree and criminal possession of stolen property in the fifth degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Appellant's "accomplice liability could reasonably be inferred from the chain of events . . . , which supports the inference that [appellant] intentionally took part in the robbery by leading the victim . . . into a trap. [Appellant's] conduct and that of the other participant in the crime 'made little sense unless [appellant] was a participant' " (People v Thomas, 113 AD3d 447, 447 [1st Dept 2014], lv denied 22 NY3d 1159 [2014] [citation omitted]). In addition to conduct that can be reasonably interpreted as leading the victim into a trap, appellant acquired the victim's phone and passed it to an accomplice who fled with it as appellant physically prevented the victim from pursuing the accomplice. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.