■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE MCCOLLOUGH, Appellant. [22 NYS3d 444]—Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 11, 2013, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years as a parole supervision sentence, unanimously affirmed.

Defendant did not preserve his claim that his plea was involuntary (*see People v Conceicao*, 26 NY3d 375, 381 [2015]), and we decline to review it in the interest of justice. Although defendant moved to withdraw his plea, it is clear that the relief he was seeking was the court's adherence, notwithstanding defendant's rearrest, to the original promise of a parole supervision sentence (*see* CPL 410.91), and that the court granted that relief to defendant's satisfaction. As an alternative holding, we find that defendant's plea was made knowingly, voluntarily, and intelligently, and that the court sufficiently explained the promised sentence.

Defendant's claim that the integrity of the grand jury proceedings was impaired because grand jurors allegedly saw him in handcuffs is likewise unpreserved, and we decline to review it in the interest of justice. Defendant's motion to dismiss the indictment did not assert this circumstance as a ground for dismissal, although the motion referred to the alleged handcuffing incident in a different context. As an alternative holding, we also reject it on the merits. Even at a trial, where the issue is guilt or innocence, a jury's brief and inadvertent viewing of a defendant in handcuffs does not warrant reversal (*People v Harper*, 47 NY2d 857, 858 [1979]).

We perceive no basis for reducing the sentence. Concur— Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.