■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. HARVEY, Appellant. [26 NYS3d 890]—Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Efman, J.), rendered September 15, 2014, convicting him of robbery in the third degree (two counts) under indict-

ment No. 572-14, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered September 15, 2014, convicting him of attempted criminal sale of a controlled substance in the third degree under Superior Court information No. 1334-14, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that his waiver of the right to appeal was invalid and that his plea of guilty was not knowingly, voluntarily, and intelligently entered. As the defendant's challenge to the voluntariness of his plea of guilty survives even a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Innocent*, 132 AD3d 696, 696 [2015]; *People v Borges*, 103 AD3d 747, 748 [2013]), we need not determine whether the defendant's waiver of the right to appeal was invalid. The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (*see People v Conceicao*, 26 NY3d 375 [2015]; *People v McCollough*, 135 AD3d 490 [2016]), and we decline to review it in the exercise of our interest of justice jurisdiction. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.