■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN WARD, Appellant. [32 NYS3d 648]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 14, 2014, convicting him of attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that his waiver of the right to appeal was invalid and that his plea of guilty was not knowingly, voluntarily, and intelligently entered. As the defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Innocent*, 132 AD3d 696, 696 [2015]), we need not determine whether the defendant's waiver of the right to appeal was invalid (*see People v Harvey*, 137 AD3d 1162, 1163 [2016]).

The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Bush*, 132 AD3d 691, 691 [2015]; *People v Bennett*, 115 AD3d 973, 973-974 [2014]; *People v Howard*, 109 AD3d 487, 487 [2013]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Howard*, 109 AD3d at 487 [brackets and internal quotation marks omitted]; *see People v Brown*, 14 NY3d 113, 116 [2010]; *People v Bennett*, 115 AD3d at 973; *People v Anderson*, 98 AD3d 524 [2012]).

Here, the defendant's contention that he was coerced into pleading guilty based on his inability to adequately confer with his counsel and to prepare an adequate defense, which essentially rendered his counsel ineffective, is belied by his statements during the plea proceeding, in which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (*see People v Trimble*, 137 AD3d 1309 [2016]; *People v Bennett*, 115 AD3d at 973; *People v Howard*, 109 AD3d at 487). Since the defendant's motion to withdraw his guilty plea was premised on unsubstantiated and conclusory allegations belied by the record, the County Court properly denied the motion without conducting a hearing (*see People v Bush*, 132 AD3d at 692; *People v Bennett*, 115 AD3d at 973; *People v Shorter*, 106 AD3d 1115 [2013]).

The defendant's remaining contention is without merit. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.