■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW WILNER, Appellant. [42 NYS3d 835]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Quinn, J.), rendered April 7, 2015, convicting him of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (4-a), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to withdraw his plea of guilty. A plea of guilty will be upheld as valid if it was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). Courts generally only permit withdrawal of a plea of guilty if there is evidence of innocence, fraud, or mistake in the inducement (*see People v Davis*, 250 AD2d 939, 940 [1998]). The determination of a motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 483-484 [2002]; *People v Bennett*, 115 AD3d 973, 973-974 [2014]; *People v Howard*, 109 AD3d 487 [2013]). Here, contrary to the defendant's contention, the record shows that he understood the terms of the plea agreement, and understood the rights he was waiving as part of that agreement (*see Boykin v Alabama*, 395 US 238, 243 [1969]; *People v Tyrell*, 22 NY3d 359 [2013]). Thus, the record demonstrates that the defendant knowingly, voluntarily, and intelligently entered into the negotiated plea agreement.

The defendant's contention that the ineffective assistance of counsel rendered his plea involuntary is without merit, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Since the defendant's remaining arguments challenging counsel's effectiveness do not directly involve the negotiation of his plea, the defendant has forfeited appellate review of those claims (*see People v Collier*, 71 AD3d 909, 910 [2010]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.