People v Turner (2018 NY Slip Op 00020)





People v Turner


2018 NY Slip Op 00020


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5335 3515/12

[*1]The People of the State of New York, Respondent,
v
Jamie Turner, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered November 30, 2015, convicting defendant, after a jury trial, of burglary in the first and second degrees, and three counts of robbery in the second degree, and sentencing her, as a second felony offender, to an aggregate term of 14 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). "Defendant's accomplice liability could reasonably be inferred from the chain of events, which supports the inference that defendant intentionally took part in the [crime] by leading the victim
. . . into a trap" (People v Thomas, 113 AD3d 447, 447 [1st Dept 2014], lv denied 22 NY3d 1159 [2014]; see also People v Ficarrota, 91 NY2d 244, 249-250 [1997]). Defendant's theory that she unwittingly helped robbers enter the victim's apartment is implausible, as well as being incompatible with her behavior during and after the crime.
The court providently exercised its discretion in denying defendant's mistrial motion, which was the only remedy requested, when a lone juror may have briefly seen defendant in restraints. "[A] jury's brief and inadvertent viewing of a defendant in handcuffs does not warrant reversal" (People v McCollough, 135 AD3d 490, 490 [1st Dept 2016], lv denied 27 NY3d 1002 [2016]). Moreover, the juror assured the court that she could remain impartial.
Defendant was not deprived of a fair trial by testimony that a codefendant's nickname was "Two Guns," and that defendant called this codefendant, who was her boyfriend, by that nickname. This evidence did not suggest that defendant, herself, had committed any uncharged crimes, and the nickname was not particularly inflammatory.
The court addressed the concerns of some jurors that audience members were taking photographs of them by conducting a thorough inquiry and determining that while some audience [*2]members had cell phones, none of those phones contained photographs of the courtroom.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK