People v Najera (2019 NY Slip Op 01620)





People v Najera


2019 NY Slip Op 01620


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-11051
 (Ind. No. 16-00331)

[*1]The People of the State of New York, respondent,
v
Eduardo Najera, appellant.


Mark Diamond, New York, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Amanda M. Doty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered August 29, 2017, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by indictment with predatory sexual assault against a child, rape in the first degree, attempted rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. The defendant entered a plea of guilty to rape in the first degree. As part of the plea agreement, the defendant orally waived his right to appeal and executed a written waiver of the right to appeal. Subsequently, the defendant's motion for the assignment of new counsel was granted, and thereafter, the defendant moved to withdraw his plea of guilty. After the defendant's motion was denied, the County Court sentenced the defendant in accordance with the plea agreement.
The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Seeber, 4 NY3d 780; People v Caruso, 88 AD3d 809; People v Duncan, 78 AD3d 1193). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Howard, 109 AD3d 487; People v Dazzo, 92 AD3d 796).
Here, the record supports the County Court's determination denying, without a hearing, the defendant's motion to withdraw his plea of guilty, as his plea was entered knowingly, voluntarily, and intelligently (see People v Johnson, 97 AD3d 695; People v Dazzo, 92 AD3d at 796-797; People v Caruso, 88 AD3d at 810). The defendant's postplea statements of innocence were unsubstantiated, conclusory, and belied by the plea proceeding, during which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been coerced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Howard, 109 AD3d at 488; People v Perez, 51 AD3d 1043; People v Gedin, 46 AD3d 701), and by the statements [*2]he made to the police (see People v Innocent, 132 AD3d 696, 697; People v Perez, 83 AD3d 738, 739; People v Oquendo, 17 AD3d 701; cf. People v Haddock, 79 AD3d 1148, 1149).
The defendant's contention that his plea of guilty was involuntary because the County Court did not advise him of each of the federal constitutional rights he was forfeiting by pleading guilty, and because the prosecutor directed questions as part of the factual allocution to which he provided monosyllabic, one-word responses, is unpreserved for appellate review since the defendant did not raise this issue in his presentence motion to withdraw his plea of guilty or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Legnini, 61 AD3d 895; People v Velazquez, 21 AD3d 388; People v Bowers, 128 AD2d 541, 542). In any event, the defendant's contentions are without merit (see People v Tyrell, 22 NY3d 359, 365; People v Harris, 61 NY2d 9, 16; People v Singh, 158 AD3d 824, 825; People v Dancy, 156 AD3d 717; People v Morocho, 129 AD3d 1107, 1108).
The defendant's valid waiver of his right to appeal (see People v Sanders, 25 NY3d 337; People v Ramos, 7 NY3d 737, 738; People v Muniz, 91 NY2d 570, 575; cf. People v Pelaez, 100 AD3d 803) precludes appellate review of his claim that he was deprived of his right to the effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (see People v Fisher, 121 AD3d 1013, 1014; People v Montalvo, 105 AD3d 774, 775). Insofar as the defendant contends that his counsel's conduct affected the voluntariness of the plea, the contention is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (see People v Granger, 122 AD3d 940, 942; People v Folger, 110 AD3d 736; People v Rohlehr, 87 AD3d 603, 604). The appropriate vehicle to allege ineffective assistance of counsel based on matter dehors the record is pursuant to CPL 440.10 (see People v Folger, 110 AD3d 736; People v Rohlehr, 87 AD3d at 604).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court