People v Carpio (2019 NY Slip Op 03068)





People v Carpio


2019 NY Slip Op 03068


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-07859
 (Ind. No. 27/15)

[*1]The People of the State of New York, respondent,
v
Sergio Carpio, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered October 8, 2015, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant correctly contends that the purported waiver of his right to appeal was invalid. The County Court failed to advise the defendant of the nature of the right to appeal and to ensure that the defendant grasped the concept of the appeal waiver and the nature of the right he was foregoing (see People v Fernandez, 168 AD3d 973; People v Brown , 122 AD3d 133, 140-141).
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (see CPL 470.05[2]; People v Toxey, 86 NY2d 725, 726; People v McClenic, 155 AD3d 1064). In any event, contrary to the defendant's contention, the fact that the purported waiver of his right to appeal was invalid did not render his plea of guilty invalid. Indeed, "[t]he right to appeal need not be waived in order for a plea of guilty to be valid" (People v Brown, 122 AD3d at 137). Also, contrary to the defendant's contention, he was never asked to waive a claim of ineffective assistance of counsel during the plea negotiation process. In any event, a claim of ineffective assistance of counsel is precluded, except to the extent that the alleged ineffective assistance may have affected the voluntariness of the plea (see e.g. People v West, 123 AD3d 850, 851).
The defendant's argument that the postrelease supervision component of his sentence should be reduced because he was never credited with 11 months of time served is based on matters dehor the record. "Defendant's proper remedy is by way of a CPLR article 78 proceeding to review the prison authorities' calculation of his jail-time credit" (People v Vivenzio, 103 AD2d 1044, 1045). Contrary to the defendant's contention, the fact that he is no longer in prison does not prevent him from commencing a CPLR article 78 proceeding to challenge the postrelease supervision component of his sentence (see e.g. Matter of Dreher v Goord, 46 AD3d 1261, 1261-1262).
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court