People v Stephensbush (2019 NY Slip Op 03821)





People v Stephensbush


2019 NY Slip Op 03821


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2015-10516
 (Ind. No. 2876/13)

[*1]The People of the State of New York, respondent, 
v
Christopher Stephensbush, also known as Bris, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered October 20, 2015, convicting him of sex trafficking, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On November 19, 2013, a grand jury indicted the defendant on 38 charges, including multiple counts of kidnapping in the first degree and rape in the first degree. On May 14, 2015, the defendant pleaded guilty to sex trafficking in full satisfaction of the indictment. The defendant executed a waiver of his right to appeal as part of the plea agreement. After pleading guilty, but prior to sentencing, the defendant moved to withdraw his plea of guilty. The Supreme Court denied the motion without a hearing.
On appeal, the defendant contends that the Supreme Court erred in denying his motion to withdraw his plea of guilty, and that the sentence imposed was excessive.
A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of
discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 483-484; People v Street, 144 AD3d 711, 711-712; People v Howard, 109 AD3d 487, 487-488). " When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances'" (People v Bennett, 115 AD3d 973, 974, quoting People v Howard, 109 AD3d at 487; see People v Anderson, 98 AD3d 524, 524).
The defendant retains the right to challenge the voluntariness of his plea regardless of the validity of his waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10). Nevertheless, the record here supports the Supreme Court's determination that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543). The defendant's postplea assertions that he was innocent and was coerced into pleading guilty contradicted the admissions he made under oath at his plea allocution and were insufficient to warrant vacatur of his plea, a hearing, or further inquiry by the court (see People v Caccavale, 152 [*2]AD3d 537, 537-538; People v Smith, 148 AD3d 939, 940; People v Bennett, 115 AD3d at 974; People v Anderson, 98 AD3d at 524).
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily'" (People v Leak, 164 AD3d 606, 607, quoting People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d 133, 142; see People v Leak, 164 AD3d at 607; People v Rocchino, 153 AD3d 1284, 1284-1285).
Here, the record of the plea proceeding demonstrates that the defendant received an oral explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Leak, 164 AD3d at 607; People v Rocchino, 153 AD3d at 1284-1285; People v Stiles, 143 AD3d 747, 747; People v McRae, 123 AD3d 848, 848-849). Furthermore, the record demonstrates that the defendant executed a written appeal waiver form, which, among other things, showed that he understood that his right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Bryant, 28 NY3d 1094, 1096; People v Leak, 164 AD3d at 607). On the record presented, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255-256; People v Leak, 164 AD3d at 607; People v McRae, 123 AD3d at 849; People v Alexander, 104 AD3d 862, 862).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court