People v Houston (2019 NY Slip Op 04965)





People v Houston


2019 NY Slip Op 04965


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-03328
 (Ind. No. 282/17)

[*1]The People of the State of New York, respondent,
v
John T. Houston, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered February 13, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review since he did not move to withdraw his plea or vacate the judgment of conviction (see People v Lopez, 71 NY2d 662; People v Harris, 169 AD3d 924; People v Saliani, 163 AD3d 854, 854; People v Hutter, 154 AD3d 776, 776). In addition, "the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea" (People v Fontanet, 126 AD3d 723, 723; see People v Tyrell, 22 NY3d 359, 364; People v Lopez, 71 NY2d at 666). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Conceicao, 26 NY3d 375; People v Harris, 61 NY2d 9). The defendant's contention that he "had no understanding that he was pleading guilty" was contradicted by the thorough plea colloquy (see People v Ball, 129 AD3d 739; People v Wiedmer, 71 AD3d 1067).
The defendant's contention that he did not receive the effective assistance of counsel because his counsel coerced him into pleading guilty is belied by his statements during the plea proceeding. The defendant acknowledged under oath that he was satisfied with his attorney's representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Vicente, 167 AD3d 951, 952; People v Ward, 140 AD3d 903, 904; People v Bennett, 115 AD3d 973, 974; People v Howard, 109 AD3d 487, 488; People v Caruso, 88 AD3d 809, 810; People v Duncan, 78 AD3d 1193, 1194).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court