The People of the State of New York, Respondent,
against
Odeshia Artwell, Appellant.




Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for appellant.
Nassau County District Attorney (Kevin C. King and W. Thomas Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Anthony W. Paradiso, J.), rendered September 13, 2017. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a forged instrument in the third degree, and imposed sentence.




ORDERED that the matter is remitted to the District Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate her plea in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending the receipt of the District Court's report, which shall be filed with all convenient speed.
Defendant pleaded guilty to criminal possession of a forged instrument (Penal Law § 170.20) on September 13, 2017. Subsequent to accepting defendant's guilty plea, but prior to pronouncing sentence, the court was reminded by defense counsel that a discussion of immigration consequences was necessary. The court reopened the plea colloquy and inquired of defendant whether she had reviewed possible "immigration consequences" with her attorney, recognized that an "adverse immigration consequence" may arise as a result of her plea and understood that neither the court nor defense counsel could make any guarantees regarding what defendant's "immigration status" would be as a result of her plea in this matter. Defendant responded affirmatively to each of the court's queries and to the question of whether it remained [*2]her "desire to go forward despite the fact that we can't guarantee how this may affect your immigration status." The court re-accepted defendant's plea and imposed sentence, as negotiated by the parties and promised by the court. 
Throughout the plea colloquy and sentencing, defendant was handcuffed. She was uncuffed after sentence was imposed, at the request of defense counsel, to sign some documents. Defendant argues for the first time on appeal that her handcuffing deprived her of her constitutional rights to due process and the assistance of counsel, rendering her plea involuntary. This argument is unpreserved (see People v McCollough, 135 AD3d 490 [2016]). In any event, the argument is without merit. Defendant pleaded guilty in open court, with her attorney present and actively involved throughout. Defendant provides no concrete example of how her constitutional rights were actually compromised as a result of her being in handcuffs. A review of the plea and sentencing minutes does not indicate that the judge, in questioning and sentencing defendant as promised, displayed any sign of bias or contempt against her.
Defendant also contends that the Criminal Court's failure, during the plea colloquy, to advise defendant specifically of the possibility of deportation as an immigration consequence violated the mandate set forth by the Court of Appeals in People v Peque (22 NY3d 168 [2013]). While "trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea" (People v Moissett, 76 NY2d 909, 910 [1990]), the Court of Appeals has made it absolutely clear "that due process requires a trial court to warn a defendant that, if the defendant is not a citizen of this country, the defendant may be deported as a result of a guilty plea" (Peque, 22 NY3d at 197). Here, the court, although referring to "adverse immigration consequences" during the plea colloquy, failed to mention deportation specifically, and the record does not demonstrate that defendant was otherwise aware of the possibility of deportation based upon her plea. However,
"the trial court's failure to provide such advice does not entitle the defendant to automatic withdrawal or vacatur of the plea. Rather, to overturn his or her conviction, the defendant must establish the existence of a reasonable probability that, had the court warned the defendant of the possibility of deportation, he or she would have rejected the plea and opted to go to trial" (id. at 176; see People v Charles, 117 AD3d 1073, 1073-1074 [2014]).
The three defendants, whose appeals were consolidated in Peque,were convicted, upon their pleas of guilty, of felonies, and the Court of Appeals indicated that, "[g]iven that defendants were convicted of felonies here, we have no occasion to consider whether our holding should apply to misdemeanor pleas" (Peque, 22 NY3d at 197 n 9). Assuming, without deciding, that Peque also applies to misdemeanors (see e.g. People v Dealmeida, 124 AD3d 1405, 1406 [2015]; People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Pantino, 55 Misc 3d 138[A], 2017 NY Slip Op 50512[U], *4 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Martial, 50 Misc 3d 131[A], 2015 NY Slip Op 51932[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Bassou, 44 Misc 3d 131[A], 2014 NY Slip Op 51078[U], *1 [App Term, 1st Dept 2014]), we deem it appropriate to hold the appeal in abeyance and to remit the matter to the District Court to afford defendant an opportunity to move to vacate her plea, and for a report by that court thereafter (see People v Gonzalez, 54 Misc 3d 139[A], 2017 NY Slip Op 50152[U] [*3][App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Any such motion shall be made by defendant within 90 days after the date of this decision and order (see id.), and defendant will bear the burden of "establish[ing] the existence of a reasonable probability that, had the court warned the defendant of the possibility of deportation, . . . she would have rejected the plea and opted to go to trial" (Peque, 22 NY3d at 176). Finally, the District Court's report to this court shall state whether defendant moved to vacate her guilty plea, and, if so, make a finding as to whether or not defendant successfully demonstrated the necessary showing (see People v Cole, 159 AD3d 829, 830 [2018]; Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U], *3).
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2019