■ The People of the State of New York, Respondent, v Edward Greeman, Appellant. [853 NYS2d 557]—

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]), after a colloquy in which the court clearly explained to him that the waiver was separate from the rights automatically forfeited by a guilty plea, and that it encompassed the very issue he now seeks to raise concerning his forged instrument conviction. In any event, regardless of whether defendant validly waived his right to ap-

peal, his claim that he pleaded guilty to a "nonexistent crime" has been waived for an independent reason. Criminal possession of a forged instrument in the second degree (Penal Law § 170.25) is not "nonexistent." Defendant is essentially claiming that the instrument he possessed, a bent MetroCard, did not satisfy the forgery statute. To the extent defendant is thus challenging the sufficiency of the evidence that was before the grand jury and would have been presented had he gone to trial, that claim is foreclosed by a guilty plea (*People v Taylor*, 65 NY2d 1 [1985]; *People v Thomas*, 53 NY2d 338 [1981]). To the extent defendant is challenging the sufficiency of his plea allocution, that claim is unpreserved and we decline to review it in the interest of justice; the narrow exception to the preservation rule explained in *People v Lopez* (71 NY2d 662, 665-666 [1988]) does not apply since defendant's factual recitation did not negate any element of the crime or cast significant doubt on his guilt. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.