■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAYOSI OGUNMEKAN, Also Known as LARRY MOORE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAINE ERIC COLEMAN, Appellant. [945 NYS2d 58]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered August 6, 2009, as amended September 24, 2009, convicting defendant Fayosi Ogunmekan, upon his plea of guilty, of grand larceny in the second degree (two counts), grand larceny in the third degree (seven counts), identity theft in the first degree (ten counts) and scheme to defraud in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, unanimously affirmed. Judgment, same court and Justice, rendered June 25, 2009, convicting defendant Dwaine Coleman, upon his plea of guilty, of attempted grand larceny in the third degree and identity theft in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.

The error in certain counts of the indictment with respect to

the name of the identity theft victim, and the court's corrective action constituted, at most, nonjurisdictional defects (*see People v Iannone*, 45 NY2d 589, 594 [1978]). Accordingly, defendants' claims in this regard are forfeited by their guilty pleas, as well as their valid waivers of the right to appeal.

The counts at issue set forth every element of the crime of identity theft in the first degree (Penal Law § 190.80 [1]). Therefore, they were not jurisdictionally defective (*see People v D'Angelo*, 98 NY2d 733, 735 [2002]; *People v Ray*, 71 NY2d 849, 850 [1988]).

However, each of these counts named, as the victim, an entity whose identity was not actually assumed by defendants under the underlying factual circumstances of the case; instead, a different entity should have been named. Thus, the defect was not in the language of the indictment, but in a contradiction between its language and the underlying facts, creating an essentially latent defect. The substance of defendants' complaint about these counts is not that they facially fail to state a crime, but that the evidence that was presented to the grand jury, and would have been presented had defendants chosen to go to trial, did not sustain the allegations because the evidence did not match the named victim (*see People v Greeman*, 49 AD3d 463, 464 [2008], *lv denied* 10 NY3d 934 [2008]). However, issues concerning factual guilt are normally not reviewable on appeal when a defendant pleads guilty (*People v Taylor*, 65 NY2d 1 [1985]; *People v Thomas*, 53 NY2d 338 [1981]).

Coleman's challenge to the court's amendment of the indictment to substitute the name of one victim with that of another is similarly forfeited, as well as being affirmatively waived, since that claim raises no jurisdictional defect (*see People v Martinez*, 52 AD3d 68, 71 [2008], *lv denied* 11 NY3d 791 [2008]); in any event, the amendment was permissible (*see People v Gray*, 157 AD2d 596 [1990], *lv denied*, 75 NY2d 966 [1990]). Defendants' remaining arguments relating to the indictment are likewise forfeited. To the extent defendants are challenging their guilty pleas as involuntarily made, those claims are without merit.

The court properly adjudicated Ogunmekan a second felony offender. Ogunmekan did not establish that the prior conviction upon which the enhancement was based was obtained in violation of his federal constitutional rights (*see* CPL 400.21 [7] [b]). The court conducted an evidentiary hearing on Ogunmekan's claim that his 2003 guilty plea was the product of ineffective assistance of counsel, and there is no basis for disturbing the court's credibility determinations. In any event, aside from questions of credibility, and regardless of the retroactivity of *Padilla*

*v Kentucky* (559 US —, 130 S Ct 1473 [2010]) both in general and in this procedural posture (*see People v Catalanotte*, 72 NY2d 641 [1988], *cert denied* 493 NY2d 811 [1989]), regardless of the applicability of *Padilla* to a plea that did not actually have any immigration consequences until the defendant's re-arrest, and regardless of what immigration-related advice counsel provided or failed to provide, we conclude that Ogunme-kan did not establish the prejudice prong of a *Padilla* claim (*see Padilla*, 559 US at —, 130 S Ct at 1483). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.