*448 The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The circumstances of defendant’s use of an altered MetroCard supported the inference that he possessed the card with the requisite knowledge and intent. The evidence supports the People’s version of the facts, that defendant was aware that a MetroCard with a bent magnetic strip is readily capable of being used for the purpose of selling rides to other persons, and defendant was intentionally taking advantage of that situation in making such sales.
To the extent defendant is claiming that the petit larceny count of the indictment was facially insufficient, that claim is without merit because the count spelled out the elements of that crime with the specificity required for an indictment (see CPL 200.50), and defendant is essentially challenging the underlying factual basis for that charge (see People v Ogunmekan, 95 AD3d 701 [1st Dept 2012], lv denied 19 NY3d 999 [2012]; People v Greeman, 49 AD3d 463, 464 [2008], lv denied 10 NY3d 934 [2008]). To the extent defendant is challenging the legal sufficiency of the evidence, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it without merit. Defendant’s position at trial was that he was guilty of petit larceny, admitting that he sold “swipes” that rightfully belonged to the Transit Authority (compare People v Hightower, 18 NY3d 249 [2011]). Concur— Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.