■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAY S. BENNETT, Also Known as CLAU BENNETT, Appellant. [996 NYS2d 369]—

Appeal by the defendant from a judgment of the County

Court, Suffolk County (Condon, J.), rendered January 25, 2012, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court's oral colloquy with the defendant regarding the waiver of the right to appeal established that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Brown*, 122 AD3d 133 [2d Dept 2014]). The defendant's valid appeal waiver forecloses review of his claim regarding the adequacy of the procedures used to adjudicate him a predicate felony offender (*see People v Haynes*, 70 AD3d 718, 718-719 [2010]; *People v Lassiter*, 48 AD3d 700, 700 [2008]; *People v Backus*, 43 AD3d 409, 410 [2007]).

The defendant's claim that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (*see People v Lujan*, 114 AD3d 963, 964 [2014]), but the defendant failed to preserve this claim (*see People v Sabo*, 117 AD3d 1089 [2014]; *People v Ortiz*, 116 AD3d 1070, 1070 [2014]; *People v King*, 115 AD3d 986, 986 [2014]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Tyrell*, 22 NY3d 359, 364 [2013]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Lujan*, 114 AD3d at 964; *People v Nilsen*, 114 AD3d 706, 706 [2014]). In any event, the claim is meritless. There is no uniform mandatory catechism for accepting a plea of guilty (*see People v Seeber*, 4 NY3d 780, 781 [2005]), and a plea of guilty therefore will not be invalidated solely because the court failed to specifically enumerate all the rights to which the defendant was entitled (*see People v Tyrell*, 22 NY3d at 365; *People v Harris*, 61 NY2d 9, 16 [1983]). Here, before the court accepted the defendant's plea of guilty, it adequately advised the defendant of the rights he was surrendering by pleading guilty (*see People v Jackson*, 114 AD3d 807, 807-808 [2014]).

The defendant further contends that his period of postrelease supervision is excessive or illegal. To the extent that the defendant seeks reduction of his period of postrelease supervision on the ground that it is excessive (*see* CPL 470.15 [6] [b]), his claim is foreclosed by his valid waiver of his right to appeal (*see People v Blas*, 120 AD3d 585 [2014]; *cf. People v Smith*, 120 AD3d 1270 [2014]). To the extent that the defendant bases his contention on the denial of his motion to set aside the sentence under CPL 440.20, it is not properly before us inasmuch as the

defendant never obtained leave to appeal from the denial of that motion. Finally, to the extent that the defendant contends that the period of postrelease supervision is illegal because he had not been convicted of a predicate felony, his claim is without merit. The record establishes that the defendant had in fact been convicted of a predicate felony offense, so he was properly sentenced under Penal Law § 70.06 (6), rather than under Penal Law § 70.02 (3) (c). Accordingly, the period of postrelease supervision was required to be five years (*see* Penal Law § 70.45 [2]).

Lastly, the defendant has not demonstrated that he was deprived of his right to the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.