THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER FONTANET, Appellant. [2 NYS3d 371]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered May 11, 2009, convicting him of criminal sale of a controlled substance in the third degree (six counts) and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's oral colloquy sufficiently advised the defendant of the nature of the right to appeal, and the record establishes that the defendant knowingly, voluntarily, and intelligently waived that right (*see People v Bennett*, 122 AD3d 871 [2014]; *People v Persaud*, 118 AD3d 820 [2014]; *People v Budden*, 77 AD3d 672 [2010]; *People v Burvick*, 60 AD3d 689 [2009]). The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (*see People v Lujan*, 114 AD3d 963, 964 [2014]). However, the defendant failed to preserve this contention (*see People v Bennett*, 122 AD3d at 871; *People v Sabo*, 117 AD3d 1089 [2014]; *People v Ortiz*, 116 AD3d 1070, 1070 [2014]). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Tyrell*, 22 NY3d 359, 364 [2013]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Lujan*, 114 AD3d at 964).

The contentions raised in the defendant's motion pursuant to CPL 440.10 are not properly before this Court on the appeal from the judgment, and the defendant did not seek leave to appeal from the order denying the motion (*see People v Washington*, 45 AD3d 880 [2007]; *People v Wynn*, 40 AD3d 893 [2007]; *People v Morales*, 17 AD3d 487 [2005]; *People v Torres*, 194 AD2d 815 [1993]).

The defendant's remaining contentions are forfeited by his plea of guilty (*see People v Patterson*, 106 AD3d 757, 758 [2013];

*People v Crummell*, 84 AD3d 1393, 1394 [2011]; *People v Brown*, 75 AD3d 655, 656 [2010]; *People v Greeman*, 49 AD3d 463, 464 [2008]). Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.