People v Harris (2019 NY Slip Op 01228)





People v Harris


2019 NY Slip Op 01228


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-01600
 (Ind. No. 51/16)

[*1]The People of the State of New York, respondent, 
v
Nicholas P. Harris, also known as "Bados," appellant.


John A. Cirando, Syracuse, NY (Bradley E. Keem and Elizabeth deV. Moeller of counsel, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered January 19, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Jackson, 114 AD3d 807, 807). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, as the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Fontanet, 126 AD3d 723, 723). In any event, the defendant's contention is without merit (see People v Fiumefreddo, 82 NY2d 536, 543; People v Harris, 61 NY2d 9, 17; People v Bennett, 122 AD3d 871, 872; People v Fraser, 261 AD2d 206).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court