People v Cortez (2019 NY Slip Op 01614)





People v Cortez


2019 NY Slip Op 01614


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-02563
 (Ind. No. 913-16)

[*1]The People of the State of New York, respondent,
v
Carlos Cortez, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered February 7, 2017, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), and aggravated unlicensed operation of a motor vehicle in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Jackson, 114 AD3d 807). Contrary to the defendant's contention, the "rare case" exception to the preservation requirement does not apply because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v Lopez, 71 NY2d at 666; see People v Fontanet, 126 AD3d 723). In any event, the defendant's contention is without merit. The defendant argues that the factual allocution was insufficient to establish the elements of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), and aggravated unlicensed operation of a motor vehicle in the first degree. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301; see People v Seeber, 4 NY3d 780, 781). A plea allocution is sufficient where, as here, the allocution demonstrates that the defendant understood the charges and made an intelligent decision to enter a guilty plea (see People v Goldstein, 12 NY3d at 301; People v Ramos, 164 AD3d 922, 923).
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court