People v Diaz-Paz (2019 NY Slip Op 06792)





People v Diaz-Paz


2019 NY Slip Op 06792


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-02104

[*1]The People of the State of New York, respondent,
v
Cristhian Diaz-Paz, appellant. (S.C.I. No. 2515-17)


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered January 12, 2018, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not entered knowingly, intelligently, and voluntarily because the County Court failed to adequately advise him of the immigration consequences of his plea is unpreserved for appellate review, since he failed to raise this issue before the court or move to withdraw his plea on this basis (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d 168, 183; People v Ramsood, 161 AD3d 1198, 1199). In any event, the contention is without merit, since the record establishes that the court fulfilled its obligation to "provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he . . . may be deported upon a guilty plea" (People v Peque, 22 NY3d at 197; see People v Ramsood, 161 AD3d at 1199; People v Martial, 125 AD3d 688, 689).
The defendant's contention that his plea was not knowing, intelligent, and voluntary due to the County Court's failure to advise him of his right to move to withdraw his plea of guilty is unpreserved for appellate review (see People v Bennett, 122 AD3d 871, 872). In any event, this contention is without merit, since, although "[t]here must be an affirmative showing on the record that the defendant waived her [or his] constitutional privilege against self-incrimination and her [or his] rights to a jury trial and to be confronted by witnesses[,] . . . there is no requirement for a uniform mandatory catechism of pleading defendants" (People v Fiumefreddo, 82 NY2d 536, 543 [internal quotation marks omitted]; see People v Harris, 61 NY2d 9, 16-17), and no requirement that the court specifically enumerate all the rights to which a defendant is entitled (see People v Sougou, 26 NY3d 1052, 1054; People v Harris, 61 NY2d at 16; People v Bennett, 122 AD3d at 872).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; [*2]see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court