People v Bhuiyan (2020 NY Slip Op 01631)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Bhuiyan

2020 NY Slip Op 01631

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-07256 
2018-08698
(Ind. No. 2139/14)

[*1]The People of the State of New York, respondent,
vSafwan R. Bhuiyan, appellant.

Metcalf & Metcalf, P.C., New York, NY (Steven A. Metcalf II of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered July 28, 2017, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated June 15, 2018, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered July 28, 2017.
ORDERED that the judgment and the order are affirmed.
Prior to sentencing, the defendant moved to withdraw his plea of guilty, asserting that he was coerced by his attorney into pleading guilty, that he was deprived of the effective assistance of counsel, and that he was innocent. The Supreme Court denied the motion and imposed sentence. The defendant filed a timely notice of appeal from the judgment of conviction. Thereafter, the defendant moved pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction, raising substantially the same contentions he raised in the motion to withdraw his guilty plea. The Supreme Court denied the motion. This Court granted the defendant leave to appeal from the order denying the CPL 440.10 motion, and subsequently consolidated the appeals from the judgment and the order.
" The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion'" (People v Bennett, 115 AD3d 973, 973-974, quoting People v Howard, 109 AD3d 487, 487; see CPL 220.60[3]). When a defendant moves to withdraw a plea of guilty, "the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Jackson, 170 AD3d 1040, 1040 [internal quotation marks omitted]). A defendant's contention that his plea was not knowing, voluntary, and intelligent survives a valid appeal waiver (see People v Fontanet, 126 AD3d 723).
Here, the Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055; People v Harris, 61 NY2d 9, 19), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made.
The defendant's contention that trial counsel coerced him to plead guilty is without merit. "The mere fact that defense counsel may have advised [the defendant] as to the risks of trial, including the possible maximum sentence if he was convicted, is insufficient to establish ineffective assistance of counsel or coercion" (People v Mann, 32 AD3d 865, 866; see People v Smith, 123 AD3d 950, 951). Furthermore, there is no merit to the defendant's contention that he was coerced to plead guilty by certain adverse rulings made by the Supreme Court during the pre-plea proceedings. The court's rulings were proper (see People v Mateo, 2 NY3d 383, 424-425; People v Williams, 49 AD3d 672, 672, affd 12 NY3d 126), and did not implicate the defendant's right to maintain his innocence and proceed to trial (cf. People v Grant, 61 AD3d 177).
The defendant's valid waiver of his right to appeal precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (see People v Brown, 170 AD3d 878, 879). To the extent that the defendant contends that the ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant received an advantageous plea, which he accepted after consulting with counsel, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Brown, 170 AD3d at 879). To the extent that the defendant argues that his trial counsel failed to conduct a reasonable investigation or consult with expert witnesses, by pleading guilty, the defendant forfeited those claims because they did not directly involve the plea-negotiation process (see id.; People v Grant, 121 AD3d 1016).
The defendant's post-plea assertion of innocence did not afford a basis for withdrawal of the plea of guilty (see People v Douglas, 83 AD3d 1092, 1093). The recantation evidence submitted in support of the motion to withdraw the plea was inherently unreliable (see id. at 1093), and did not exculpate the defendant of the charge to which he pleaded guilty (see People v Fisher, 28 NY3d 717, 722-724).
We agree with the Supreme Court's determination that sufficient facts appeared on the record, including the submissions made by the defendant in support of his motion to withdraw his plea, to permit adequate review of the issues raised in the defendant's CPL 440.10 motion upon his direct appeal, and thus that the defendant was procedurally barred from raising his claims under CPL 440.10(1)(h) (see CPL 440.10[2][b]; cf. People v Hernandez, 125 AD3d 885, 887). To the extent that the defendant raised matters dehors the record in support of his claim of actual innocence, such a claim did not lie under CPL 440.10(1)(h) in light of his plea of guilty (see People v Tiger, 32 NY3d 91). Accordingly, we agree with the court's denial, without a hearing, of the defendant's motion to vacate the judgment of conviction.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court