People v Torres (2021 NY Slip Op 01432)





People v Torres


2021 NY Slip Op 01432


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-06116
 (Ind. No. 33/18)

[*1]The People of the State of New York, respondent,
v
Kevin Torres, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered April 26, 2019, convicting him of conspiracy in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with a number of conspiracy offenses arising from his alleged involvement in gang-related murder and drug activity. On May 10, 2018, the defendant pleaded guilty to two counts of conspiracy in the second degree. About a month later, the defendant was charged in a federal indictment for separate gang-related conduct that occurred prior to the conduct giving rise to the instant charges. In November 2018, prior to sentencing, the defendant moved to withdraw his plea of guilty. The Supreme Court denied the motion without a hearing. The defendant appeals.
"'The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion'" (People v Bhuiyan, 181 AD3d 699, 699, quoting People v Bennett, 115 AD3d 973, 973-974 [internal quotation marks omitted]; see CPL 220.60[3]; People v Balbuenatorres, 179 AD3d 828, 829). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Bhuiyan, 181 AD3d at 700). "'Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Bhuiyan, 181 AD3d at 700, quoting People v Jackson, 170 AD3d 1040, 1040). A defendant's contention that his or her plea was not knowing, voluntary, and intelligent survives a valid appeal waiver (see People v Fontanet, 126 AD3d 723).
Here, the Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and [*2]intelligently made. In particular, the evidence the defendant submitted in support of his motion was insufficient to establish fraud or mistake in the inducement based on the similar but distinct federal charges that arose subsequent to his plea. Where, as here, "the guilty plea was voluntarily made with the advice of counsel following an appraisal of . . . the relevant factors" (People v Dixon, 29 NY2d 55, 57), the defendant "is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence" (People v Boyd, 129 AD3d 854, 854 [internal quotation marks omitted]).
The defendant's further contention that his plea was not knowing, voluntary, or intelligent because he was not advised how the tolling provisions of Penal Law § 70.06(1)(b)(v) would impact the possible imposition of an enhanced sentence as a prior felony offender is unpreserved for appellate review, because he did not move to withdraw his plea of guilty on this ground prior to the imposition of sentence (see People v Leasure, 177 AD3d 770, 772; People v Rodriquez-Abreu, 170 AD3d 895, 896). In any event, the defendant's contention is without merit (see People v King, 166 AD3d 1236, 1237; People v Richardson, 132 AD3d 1022, 1022-1023).
Contrary to the defendant's further contention, he was not deprived of the effective assistance of counsel with respect to his plea (see People v Joseph, 142 AD3d 627, 627-628).
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court