■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRANT, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in the first degree and assault in the third degree. He was originally charged with rape in the first degree, burglary in the first degree, assault in the third degree and criminal possession of a weapon in the third degree, all arising out of an incident that occurred on July 14, 1985, during which it was alleged that defendant broke into the apartment of a female acquaintance and forcibly raped and physically assaulted her. The court dismissed the weapons possession charge at the close of the People's case and the jury acquitted defendant on the rape charge.

Defendant, relying upon *People v Gaines* (74 NY2d 358), contends that the evidence was legally insufficient to support the conviction for burglary because the People failed to establish that he harbored an intent to commit a crime at the time that he entered the complainant's apartment. The fact that defendant was acquitted of the rape charge does not require that his conviction for burglary be set aside. To secure a conviction for burglary, the People need not establish what particular crime the intruder intended to commit, nor is it necessary that the intended crime in fact be committed *(People v Mackey,* 49 NY2d 274, 279). The requisite criminal intent may be inferred from the circumstances of the breaking and entering (see, *People v Barnes,* 50 NY2d 375, 379; *People v Gilligan,* 42 NY2d 969; *People v Henderson,* 41 NY2d 233, 236-237; *People v Anderson,* 103 AD2d 1011, 1012; *People v Terry,* 43 AD2d 875).

It is undisputed that defendant forcibly entered the complainant's apartment by breaking the lock on her door after unsuccessfully attempting to gain entry by falsely identifying himself as complainant's fiancé. Considering his manner of entry, the jury could have concluded that defendant entered the apartment with the intent to commit a crime. There was also proof that defendant asked the victim for money and that violence and sexual activity took place. Thus, the requisite intent to commit a crime upon entering complainant's apartment could reasonably be inferred from the circumstances of defendant's forcible entry into the premises and his conduct once inside *(see, People v Barnes, supra; People v Mackey, supra; People v Gilligan, supra)*. Further, we conclude that the jury's verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

There is no merit to defendant's contention that he was denied his constitutional right to the effective assistance of counsel. On this record, the court did not abuse its discretion in imposing sentence. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—burglary, first degree.) Present —Callahan, J. P., Doerr, Green, Balio and Davis, JJ.