◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN PRICE, Appellant. [652 NYS2d 453] —Judgment unanimously affirmed. Memorandum: After waiving indictment, defendant entered a plea of guilty to one count of burglary in the third degree (Penal Law § 140.20). The superior court information alleged that at a certain time and place defendant knowingly entered or remained unlawfully in the Oil Spout Garage with intent to commit a crime therein. We reject the contention of defendant that the felony complaint is legally insufficient. The felony complaint, together with the supporting depositions and defendant's statement, established that defendant, without permission, smashed the window of the Oil Spout Garage, crawled inside, remained on the premises for a brief time and fled the scene on a bicycle. That information provides reasonable cause to believe that defendant unlawfully entered the Oil Spout Garage with intent to commit a crime therein (*see*, CPL 100.40 [4] [b]). The intent to commit a crime when unlawfully entering premises may be inferred from the facts and circumstances of the breaking and entering (*see*, *People v Barnes*, 50 NY2d 375, 381; *People v Grant*, 162 AD2d 1021, 1022; *People v Vivenzio*, 103 AD2d 1044).

Defendant's contention that the superior court information is jurisdictionally defective is also without merit. A superior court information is subject to the same rules as an indictment (CPL 200.15), and an indictment that states no more than the bare elements of the crime charged and, in effect, parrots the Penal Law is legally sufficient; the defendant may discover the particulars of the crime charged by requesting a bill of particulars (*see*, *People v Mackey*, 49 NY2d 274, 278; *People v Iannone*, 45 NY2d 589, 598-599; *People v Fitzgerald*, 45 NY2d 574, *rearg denied* 46 NY2d 837). Here, the superior court information recites all of the requisite elements of burglary in the third degree. Because defendant's contention is related to the sufficiency of the factual allegations, as opposed to a failure to allege the material elements of the crime, that contention does

not survive defendant's guilty plea (*see, People v Fields,* 208 AD2d 1050, *lv denied* 84 NY2d 935).

We reject the further contention of defendant that County Court erred in accepting his plea of guilty to burglary in the third degree. The record establishes that "defendant was advised of his rights and that his *Alford* plea (*see, North Carolina v Alford,* 400 US 25) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (*People v Alfieri,* 201 AD2d 935, *lv denied* 83 NY2d 908). The plea allocution also establishes that defendant knowingly waived a possible intoxication defense (*see, People v Allen,* 216 AD2d 951, *lv denied* 87 NY2d 843). (Appeal from Judgment of Genesee County Court, Morton, J.—Burglary, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.