# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**708**

**KA 09-00483**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ELVIN QUINONES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered January 13, 2009. The judgment convicted defendant, upon his plea of guilty, of identity theft in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of identity theft in the first degree (Penal Law § 190.80 [3]), defendant contends that the superior court information is jurisdictionally defective inasmuch as it fails to specify the "class D felony or higher level crime" that he committed or attempted to commit (*id*.). We reject that contention. "A superior court information is subject to the same rules as an indictment . . ., and an indictment that states no more than the bare elements of the crime charged and, in effect, parrots the Penal Law is legally sufficient; the defendant may discover the particulars of the crime charged by requesting a bill of particulars" (*People v Price*, 234 AD2d 978, 978, *lv denied* 90 NY2d 862; *see People v Mackey*, 49 NY2d 274, 278). Here, the superior court information charging defendant with identity theft in the first degree in the language of the statute is legally sufficient (*see People v Fitzgerald*, 45 NY2d 574, 580, *rearg denied* 46 NY2d 837; *People v Iannone*, 45 NY2d 589, 598-599). The sentence is not unduly harsh or severe.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court