# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1471**

**KA 11-02162**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

GERALD FREEMAN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 29, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, possession of burglar's tools and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, burglary in the third degree (Penal Law § 140.20), defendant contends that the evidence is legally insufficient to establish that he intended to commit a crime when he unlawfully entered the vacant house he was charged with burglarizing. Defendant's contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). The People were required to prove "only defendant's general intent to commit a crime in the [building] . . . , not his intent to commit a specific crime" (*People v Lewis*, 5 NY3d 546, 552). Moreover, the People were not required to prove that defendant actually committed the intended crime (*see People v Porter*, 41 AD3d 1185, 1186, *lv denied* 9 NY3d 963). The jury was entitled to infer defendant's intent to commit a crime inside the building from the evidence that he broke a window to gain entry (*see generally People v Barnes*, 50 NY2d 375, 381; *People v Grant*, 162 AD2d 1021, 1022), as well as from the evidence of his simultaneous possession of burglar tools (*see People v Wright*, 92 AD2d 722). The jury was also entitled to infer defendant's intent from his "actions and assertions when confronted by the police" (*People v Mitchell*, 254 AD2d 830, 831, *lv denied* 92 NY2d 984), which included fighting with the police and threatening one of the arresting officers.

Finally, in view of the fact that defendant has a criminal record dating back to 1973, including three prior felony convictions, as well

as the fact that he violently resisted arrest, we perceive no basis to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court