Appeal by the defendant, by permission, from an order of the Supreme Court, Westchester County (Lorenzo, J.), entered September 28, 2010, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Perone, J.) rendered April 19, 2001, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is affirmed.
The defendant contends that the indictment is jurisdictionally defective because it failed to provide him with sufficient notice of the accusations against him. However, the defendant is barred from raising this claim in his motion pursuant to CPL 440.10, as sufficient facts appear on the record to have permitted adequate review of this claim upon direct appeal from the underlying judgment, but the defendant unjustifiably failed to perfect his appeal from that judgment (see CPL 440.10 [2] [c]; People v Cuadrado, 9 NY3d 362, 365 [2007]; People v Schafer, 94 AD3d 778, 779 [2012]; People v Chiu Mei Lan Kwok, 51 AD3d 814 [2008]). In this regard, we note that the defendant’s direct appeal was dismissed as abandoned in a decision and order on motion of this Court dated April 28, 2005.
In any event, the alleged defects in the indictment are not jurisdictional and, thus, any challenge to the sufficiency of the factual allegations in the indictment was waived by the defendant’s plea of guilty (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Cooper, 88 AD3d 1009, 1011 [2011]).
Accordingly, the defendant’s motion pursuant to CPL 440.10 was properly denied. Mastro, J.E, Austin, Sgroi and Miller, JJ., concur.