■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYLES HARRIS, Appellant. [56 NYS3d 877]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zuckerman, J., at plea; Everett, J., at sentencing), rendered August 27, 2015, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 339-342 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver of his

right to appeal precludes review of his claim that his pre-plea request to relieve assigned counsel and to substitute new counsel was improperly denied (*see People v Weston*, 145 AD3d 746, 747 [2016]), and his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d at 255-256; *People v Guillebeaux*, 136 AD3d 1055 [2016]).

However, the defendant's claim regarding the voluntariness of his plea survives his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Haywood*, 122 AD3d 769, 770 [2014]). The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Douglas*, 83 AD3d 1092 [2011]). Contrary to the defendant's contention, the County Court providently exercised its discretion in denying, without a hearing, his motion to withdraw his plea of guilty. The record establishes that the defendant knowingly, voluntarily, and intelligently entered a plea of guilty (*see People v Sougou*, 26 NY3d 1052, 1054-1055 [2015]; *People v Rodriguez*, 142 AD3d 1189, 1189-1190 [2016]; *People v Jemmott*, 125 AD3d 1005, 1006 [2015]). The defendant's contentions that he was coerced by his attorney into taking the plea and he was not mentally stable when he accepted the plea are belied by the record (*see People v Raymond*, 150 AD3d 766 [2017]; *People v Ward*, 140 AD3d 903 [2016]). Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.