People v Corr (2018 NY Slip Op 01933)





People v Corr


2018 NY Slip Op 01933


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-02338
2015-02345
 (Ind. No. 14-00183; S.C.I. No. 14-00445)

[*1]The People of the State of New York, respondent,
v
Scott B. Corr, appellant.


Mary Zugibe Raleigh, Warwick, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Orange County (Nicholas De Rosa, J.), both rendered March 4, 2015, convicting him of criminal possession of a weapon in the first degree under Indictment No. 14-00183, and conspiracy in the second degree under Superior Court Information No. 14-00445, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
We need not determine whether the defendant's purported waiver of the right to appeal was invalid (cf. People v Ward, 140 AD3d 903, 904; People v Harvey, 137 AD3d 1162, 1163), since the defendant's contentions survive even a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Harris, 153 AD3d 552, 553; People v Aquart, 149 AD3d 768; People v Bonds, 148 AD3d 1304, 1305).
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Harris, 153 AD3d at 553; see CPL 220.60[3]; People v Douglas, 83 AD3d 1092). Here, since the record demonstrates that the defendant's pleas of guilty were entered voluntarily, knowingly, and intelligently, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his pleas (see People v Harris, 153 AD3d at 553; People v Manragh, 150 AD3d 762, lv granted 29 NY3d 1130; People v Morris, 148 AD3d 732).
"A superior court information has the same force and effect as an indictment and all procedures and provisions of law applicable to indictments are also applicable to superior court informations, except where otherwise expressly provided" (CPL 200.15). "An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (People v Guerrero, 28 NY3d 110, 116 [internal quotation marks omitted]; see People v Price, 234 AD2d 978, 978). Here, contrary to the [*2]defendant's contention, the superior court information was not jurisdictionally defective. It alleged every material element of conspiracy in the second degree (see Penal Law §§ 105.15, 105.20). By pleading guilty, the defendant forfeited his challenge to the sufficiency of the factual allegations in the superior court information (see People v McCrory, 114 AD3d 810; People v Price, 234 AD2d at 978-979).
Contrary to his contention, the defendant's waiver of indictment was valid (see People v McIntyre, 178 AD2d 559, 559-560; see also People v Wicks, 42 AD3d 585).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court