People v Cuellar (2019 NY Slip Op 05680)





People v Cuellar


2019 NY Slip Op 05680


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-07677
 (Ind. No. 165/15)

[*1]The People of the State of New York, respondent,
v
Manuel Cuellar, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered September 30, 2015, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with arson in the second degree, burglary in the second degree, menacing in the third degree, and assault in the second degree upon allegations that, on December 25, 2014, he broke into a house where his ex-girlfriend and others resided. The defendant allegedly menaced his ex-girlfriend while inside the house. He then allegedly started two fires in the house, knowing that the residents were inside the house at the time. The residents were able to leave the house and call 911. When the police arrived, the defendant attempted to flee in his vehicle and allegedly injured a police officer.
The defendant pleaded guilty to arson in the second degree in full satisfaction of the indictment. As a condition of the plea agreement, the defendant agreed to waive his right to appeal. The defendant appeals from the judgment of conviction, contending that he did not knowingly, voluntarily, and intelligently waive his right to appeal, and that the County Court improvidently exercised its discretion in denying his oral request to substitute assigned counsel.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, voluntarily, and intelligently (see People v Sanders, 25 NY3d 337). Although a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record (see People v Lopez, 6 NY3d 248). The record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (see id.). Here, the record demonstrates that the County Court's colloquy with the defendant and the written waiver of the right to appeal executed by the defendant sufficiently apprised him of the nature and significance of the right that he was being asked to waive, and that the defendant had a full appreciation of the [*2]consequences of the waiver of that right (see id.).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his preplea request to relieve assigned counsel and to substitute new counsel was improperly denied (see People v Coleman, 164 AD3d 518, 518; People v Harris, 153 AD3d 552, 552-553).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court