People v Schneider (2019 NY Slip Op 07424)





People v Schneider


2019 NY Slip Op 07424


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-09853
 (Ind. No. 4087/16)

[*1]The People of the State of New York, respondent,
v
Joseph Schneider, appellant.


Stephen N. Preziosi P.C., New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered May 30, 2018, convicting him of enterprise corruption, promoting gambling in the first degree, possession of gambling records in the first degree, and conspiracy in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence obtained pursuant to eavesdropping warrants.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50(5).
The defendant pleaded guilty to numerous charges in connection with his involvement in an Internet gambling enterprise, which involved operations in Kings County, New York, and other locations throughout the nation. Much of the evidence against the defendant was derived from his cellular telephone calls and electronic messages that law enforcement officers intercepted pursuant to eavesdropping warrants. The Supreme Court denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress the evidence obtained pursuant to those warrants. The Supreme Court issued a stay of execution of the defendant's judgment pending this Court's hearing and determination of this appeal.
We reject the defendant's contention that the Supreme Court, Kings County, lacked jurisdiction to issue eavesdropping warrants against him to intercept cellular telephone calls and electronic messages which were made and received outside of New York State. "[A]ny justice of the supreme court of the judicial district in which the eavesdropping warrant is to be executed" (CPL 700.05[4]) "may issue an eavesdropping warrant . . . upon ex parte application of an applicant who is authorized by law to investigate, prosecute or participate in the prosecution of the particular designated offense which is the subject of the application" (CPL 700.10[1]). Although the word "execute" is not defined in CPL article 700, the plain meaning of the word "execute" and the use of that word in relevant sections of the Criminal Procedure Law reveal that an eavesdropping warrant is "executed" when a communication is intercepted by law enforcement officers, that is, when the communication is "intentionally overheard or recorded" by law enforcement officers (CPL 700.05[3][a]; see CPL 700.35[1]). Here, the eavesdropping warrants were executed in Kings County, New York, where the communications were intercepted by the New York City Police [*2]Department (see CPL 700.05[4]; Stegemann v Rensselaer County Sheriff's Off., 155 AD3d 1455, 1459; People v Perez, 18 Misc 3d 582, 588 [Sup Ct, Bronx County]; People v Delacruz, 156 Misc 2d 284, 287-288 [Sup Ct, Bronx County]; United States v Rodriguez, 968 F2d 130, 136 [2d Cir]). Therefore, under the applicable provisions of the Criminal Procedure Law, a Justice of the Supreme Court, Kings County, had jurisdiction to issue the eavesdropping warrants.
Moreover, we reject the defendant's argument that the eavesdropping warrants, which were authorized for the purpose of investigating crimes that were occurring in New York, constituted an unconstitutional extraterritorial application of New York State law (see generally People v McLaughlin, 80 NY2d 466, 470-471). Furthermore, contrary to the defendant's contention, the affidavit of a detective submitted in support of the warrants demonstrated that normal investigative procedures either had been tried and failed, or reasonably appeared unlikely to succeed if tried, to obtain the evidence sought (see CPL 700.20[2][d]; 700.15[4]; People v Rabb, 16 NY3d 145, 153; People v Giddens, 161 AD3d 1191, 1194; People v Ndaula, 158 AD3d 650).
The defendant's contentions with respect to the sufficiency of the evidence before the grand jury were forfeited by his plea of guilty, and are not reviewable on appeal (see People v Guerrero, 28 NY3d 110, 116; People v Higgs, 146 AD3d 981; People v McCrory, 114 AD3d 810).
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court