People v Gordon (2021 NY Slip Op 00746)





People v Gordon


2021 NY Slip Op 00746


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1058 KA 18-01797

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTINA SANFORD GORDON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (NIKKI KOWALSKI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 12, 2018. The judgment convicted defendant upon a plea of guilty of grand larceny in the second degree, criminal possession of a forged instrument in the second degree and scheme to defraud in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of, inter alia, grand larceny in the second degree (Penal Law § 155.40 [1]), defendant contends that she did not validly waive her right to appeal. We agree. Here, in describing the nature of defendant's right to appeal and the breadth of the waiver of that right, County Court incorrectly stated, inter alia, that defendant "can't request a higher court, an appellate court, to reverse or dismiss or overturn your plea of guilty or sentence in any way," without mention of any exception, which mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020]). Although defendant also signed a written waiver form, " '[t]he court did not inquire of defendant whether [she] understood the written waiver or whether [she] had even read the waiver before signing it' " (People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]; see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
Defendant failed to preserve her further contention that any amount of restitution ordered by the court was not supported by the record inasmuch as she failed to object on that ground or request a restitution hearing (see People v Rodriguez, 173 AD3d 1840, 1841 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; People v Butler, 170 AD3d 1496, 1497 [4th Dept 2019]; People v Meyer, 156 AD3d 1421, 1421-1422 [4th Dept 2017], lv denied 31 NY3d 985 [2018]). In any event, the court here did not order restitution as part of its sentence. To the extent defendant seeks to challenge the civil confessions of judgment that she executed prior to sentencing, those confessions of judgment — the amount, signing, and filing of which were not part of the court's sentence — are not properly before us on this appeal from her criminal judgment of conviction.
Defendant further contends that the court erred in sentencing her as a second felony offender based on her prior federal conviction under 18 USC §§ 2 and 641 because those statutes apply to conduct that does not constitute a felony in New York. Defendant's contention is unpreserved for our review inasmuch as defendant never " 'raise[d] the issue . . . whether the statute[s] under which [she] was convicted . . . [are] the equivalent of a New York . . . felony' " at the plea colloquy or sentencing (People v Wingfield, 181 AD3d 1253, 1254 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], reconsideration denied 35 NY3d 1098 [2020]). This case does not fit within the " 'narrow exception to the preservation rule' " (People v Nieves, 2 NY3d 310, 315 [2004]). Moreover, because "[a] CPL 440.20 motion is the proper vehicle for raising a [*2]challenge to a sentence as 'unauthorized, illegally imposed or otherwise invalid as a matter of law' (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence" (People v Jurgins, 26 NY3d 607, 612 [2015]; see Wingfield, 181 AD3d at 1254), we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, defendant's contention that she was denied effective assistance of counsel based on defense counsel's failure to challenge the court's determination that she is a second felony offender does not survive defendant's guilty plea inasmuch as defendant does not contend that her plea "was infected by the allegedly ineffective assistance or that [she] entered the plea because of [her] attorney's allegedly poor performance" (People v Bethune, 21 AD3d 1316, 1316 [4th Dept 2005], lv denied 6 NY3d 752 [2005]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court