People v Thompson (2022 NY Slip Op 03841)

People v Thompson

2022 NY Slip Op 03841

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

468 KA 20-00661

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PRESTON L. THOMPSON, DEFENDANT-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 11, 2020. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that, in light of his acquittal of petit larceny, his conviction is not supported by legally sufficient evidence with respect to the element of intent to commit a crime in the dwelling, and the verdict is against the weight of the evidence. We reject that contention. As relevant here, a defendant is guilty of burglary in the second degree when the defendant knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein (id.). Although the People need to prove only a defendant's general intent to commit a crime in the residence, not his intent to commit a specific crime (see People v Lewis, 5 NY3d 546, 552 [2005]; People v Mahboubian, 74 NY2d 174, 193 [1989]), in this case, the People expressly limited their theory of the "intent to commit a crime therein" element (§ 140.25) to larceny, and thus they had to prove that defendant intended to commit that crime (see Lewis, 5 NY3d at 552 n 7; People v Shealy, 51 NY2d 933, 934 [1980]).
Nevertheless, the People were not required to prove that defendant actually committed the intended crime of larceny (see Mahboubian, 74 NY2d at 193; People v Freeman, 103 AD3d 1177, 1177 [4th Dept 2013], lv denied 21 NY3d 912 [2013]), and therefore the fact that the jury acquitted defendant of petit larceny has no bearing on whether the conviction of burglary in the second degree is based on legally sufficient evidence or whether the verdict is against the weight of the evidence (see e.g. People v Taylor, 163 AD3d 1275, 1275-1277 [3d Dept 2018], lv denied 32 NY3d 1068 [2018]; People v Walton, 125 AD3d 900, 901 [2d Dept 2015], lv denied 25 NY3d 1078 [2015]; People v Mercado, 102 AD3d 813, 813 [2d Dept 2013], lv denied 20 NY3d 1102 [2013]).
The element of "intent to commit a crime therein" may be inferred from defendant's conduct and the surrounding circumstances (see People v Jackson, 182 AD3d 1034, 1035 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]), including the circumstances of the entry (see People v Bergman, 70 AD3d 1494, 1494 [4th Dept 2010], lv denied 14 NY3d 885 [2010]; People v Mainella, 2 AD3d 1330, 1330 [4th Dept 2003], lv denied 2 NY3d 742 [2004], reconsideration denied 3 NY3d 660 [2004]). Here, the jury could infer defendant's intent to commit larceny in the residence from the evidence that he broke a window to enter the residence; he walked throughout the residence, as shown by the blood droplets he left in multiple locations; and he ransacked the residence (see Freeman, 103 AD3d at 1177; Bergman, 70 AD3d at 1494). Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found [*2]defendant's intent to commit larceny in the residence proved beyond a reasonable doubt (see generally People v Danielson, 9 NY3d 342, 349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that County Court's failure to orally pronounce any award of restitution or the issuance of a money judgment during sentencing requires vacatur of a confession of judgment against defendant. We conclude, however, that the "confession[] of judgment—the amount, signing, and filing of which were not part of the court's sentence—[is] not properly before us on this appeal from [defendant's] criminal judgment of conviction" (People v Gordon, 191 AD3d 1367, 1368 [4th Dept 2021], lv denied 36 NY3d 1120 [2021]).
The sentence is not unduly harsh or severe. Defendant's related contention that his sentence constitutes cruel and unusual punishment is unpreserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]; People v Gilmore, 202 AD3d 1453, 1454 [4th Dept 2022], lv denied — NY3d — [2022]) and, in any event, is without merit (see People v Verbitsky, 90 AD3d 1516, 1516 [4th Dept 2011], lv denied 19 NY3d 868 [2012]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court